## AZEL DORATHY

*v.*

## THE CITY OF CHICAGO.

SPECIAL ASSESSMENT—*for work not done.* Upon a special assessment for grading, paving and curbing a street, it appeared that the curbing had been done some years previously, and was adopted by the city in making this improvement, no new curbing having been made: *Held,* the city could not collect an assessment for work it never performed.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Mr. EDWARD ROBY, for the appellant.

Mr. S. A. IRVIN, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

80      P. F. W. & C. R. R. Co. *v.* City of Chicago. [Sept. T.,

Syllabus.

This is a special assessment for grading, paving and curbing a part of Franklin street, in the city of Chicago. On the hearing, the defendant proved that the curbing had been built some years previously, and was adopted by the city in making this improvement, no new curbing having been made. The court at first held this fatal to the assessment, but afterwards excluded this evidence on the ground that no objection had been filed under which it was admissible, and overruled a motion for leave to file an additional objection to the assessment.

We have, at the present term, affirmed a considerable number of judgments in these special assessment cases, in nearly all of which the objections were of so trivial a character that it would seem counsel could have brought them here only for delay. Here is a case, however, where the objection goes to the substance. No argument in regard to it is necessary. The city is seeking to collect an assessment for work it never performed, and there were several of the objections filed under which the evidence was admissible.

*Judgment reversed.**

*BUSHNELL v. CITY OF CHICAGO.

APPEAL from the Superior Court of Chicago.

Per CURIAM: This case presents the same question as that decided in *Dorathy* v. *City of Chicago, ante,* and the judgment must be reversed.

*Judgment reversed.*